JOHN JONES ET AL. *v.* A. M. HUDSON, ETC.

**Receivers—Diligence in Collecting Debt.**

Where a receiver is appointed and directed to collect a certain debt, it is his duty to use ordinary diligence to collect it.

**Receivers—Negligence—Liability.**

Where a receiver, who is directed to collect the amount due on certain bonds, by his negligence released the surety thereon, he is responsible therefor.

**Receivers—Justification of Act—Burden of Proof.**

In a suit against a receiver by heirs for loss of a debt because of the negligence of the receiver to have an execution issued, the burden is on the receiver to show facts excusing or justifying his action.

**Receivers—Liability for Loss of Debt.**

The evidence was held to show that the receiver was liable for the loss of a debt because of his negligent failure to have an execution issued.

Court Commissioners—Findings of Facts.

Where a receiver was appointed and directed to collect certain debts due the decedent's estate, and he is sued because of his negligent loss of the debts for failure to have execution issued, the court commissioner in making his findings of the facts should show the acts of the administrator by giving the amount of each bill, and an inventory of the notes and accounts that came to his hands, showing which were solvent and which insolvent, the amount realized by the receiver, the amount of the debts paid by him, and the balance due the heirs.

Descent and Distribution—Liability for Overplus Received.

In a suit by heirs against a receiver, in which the receiver makes the heirs parties to the cross-petition, the heirs are not liable to the receiver for an overplus received by them, unless they received it from the receiver.

Husband and Wife—Liability of Wife for Money Borrowed by Husband.

A wife is not liable for money borrowed by her husband, unless a case is made such as will authorize a court of equity to subject her estate to the payment of the husband's debts.

Pleading—Sufficiency of Petition When Standing Alone.

A petition against a defendant should state facts authorizing a recovery if sustained by the proof, regardless of the statements in another petition against another defendant.

APPEAL FROM McLEAN CIRCUIT COURT.

December 3, 1872.

Opinion by Judge Pryor:

After the appointment of Rowan as receiver and the entry of the order directing him to collect the money arising from the sale of the negro, etc., belonging to Jones, it was his duty to use ordinary diligence at least in its collection. He insists that the heirs of Jones should be made to refund the money paid by Hudson upon the purchase by the latter of G. G. Jones' land, under the execution against Marshall and others, and for this purpose makes his answer a cross petition against the heirs, who are the appellants in this court.

The sale bonds taken upon the sale of the boy Elijah were undoubtedly good at the time of their execution, and if Rowan by his laches has released the sureties thereon, he ought to be made responsible to the heirs. Having made the heirs parties to his cross-

petition the burden of proof was on him to show why it was he failed to issue an execution to the county of Whittaker's residence. If Whittaker was dead at the time the bonds matured he must show it, or give some valid reason that would relieve him from responsibility by reason of this loss to the appellants. It seems that G. G. Jones, whose land had been sold, was an infant at the time he became liable as Marshall's security, and although the proof conduces to show that Rowan was ignorant of that fact, still it affords no excuse for his failure to make the money out of the other sureties, when he had neglected to issue an execution on the last sale bond until nearly a year after its maturity, and unless Whittaker was dead there is no reason why, during this period, he could not have made the recovery out of him. The proof on this subject is unsatisfactory and certainly not such as to release Rowan from his liability to the appellants.

Rowan also fails to answer the cross-petition of the appellants in which they allege specifically the collection by him of various claims as administrator of James Jones, for which he has failed to account, amounting to nearly eight thousand dollars. The order of court made on the 11th of January, 1870, confirming the commissioners' report and by which the heirs of Jones are made to say that they have been satisfied by the administrator, was certainly a mistake, or intended to apply only to the settlement as practically made, as the very same order notes the filing of the cross-petition of the appellant in which they charge the failure of Rowan as administrator to account for various items made up of notes and accounts due his intestate and specially designated, and to which no response whatever is made.

Nor is there anything in the record showing that the heirs of Jones ever received the money collected from Hudson, except —— partial amounts for which receipts were executed. The commissioners' report is indefinite and unsatisfactory in every particular. The commissioner should state the acts of the administrator by first giving the amount of each bill, then an inventory of the notes and accounts that went into his hands, reporting each as were solvent and insolvent, the amount realized by the receiver from the sale of the negro and all other sources, the amount of debts paid by him, and the balance due the heirs, if anything, and for this balance the administrator must produce receipts, or show by proof

that he has accounted for them to the heirs of Jones. He certainly collected more money from Hudson than was due on the sale bonds. In April, 1865, there was only one on the sale bonds, including all costs, about $375. Yet the administrator collected from the proceeds of the sale of Jones' land $496.12. If there is a mistake as to the amount, and there certainly is, as the record now shows, and Rowan obtained more money than the sale bonds called for, the heirs are not compelled to refund this overpayment unless it appears that they received it from Rowan. It was also erroneous to render a personal judgment against the married woman. If their husbands secured the money they are not liable at law, nor in equity unless such a case is provided as would authorize a court of equity to subject the estate of a married woman to the payment of her husband's debts. The demurrer by appellants to the amended petition of Hudson should have been sustained. There are no allegations contained in it, upon which to have any recovery against the heirs. All that it contains is that the appellant received the money paid by Hudson.

It ought to contain such allegations as would authorize a recovery if sustained by the proof, regardless of the statements in the petition against Rowan. The answer and cross-petition of Rowan is liable to the same objection; and although the demurrer to the pleading was not disposed of or acted on, still as the case must go back, the pleadings should be amended so as to prevent a cause of action, and the parties allowed to take additional proof as to the alleged liability of Rowan and the appellees to Hudson.

The judgment is therefore reversed and the cause remanded with directions to permit the parties to amend their pleadings and to refer the case again to the commissioner for a settlement of the accounts of Rowan as administrator of Jones, etc., and also with the appellants and for further proceedings consistent with this opinion. No brief filed in this case by counsel for appellees.

*L. P. Little, Bickers, Jones, for appellants.*